IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALVIN EDWARD WEBB and <br> DIANE GROGAN WEBB, <br><br> Plaintiffs, <br><br> v. <br><br> EQUIFIRST CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 7:15-cv-00413 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

**MEMORANDUM OPINION**

**I.  BACKGROUND**

In an order entered March 31, 2016, the court granted the defendants' motions to dismiss and dismissed plaintiffs' claims against three defendants: (1) U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-EQ1; (2) Mortgage Electronic Registration Systems, Inc.; and (3) Aurora Loan Services LLC.  (Dkt. No. 47.)  On April 15, 2016, after giving notice to plaintiffs and an opportunity to brief the issue, the court dismissed the remaining defendants without prejudice, due to plaintiffs' failure to effect timely service on them.  (Dkt. No. 50.)  That order was a final order of dismissal and also closed the case. (*See id.*)

Five days later, on April 20, 2016, the court received from the plaintiffs a document titled as a "motion for leave to file amended complaint and memorandum of law in support."  (Dkt. No. 51.)[1]  In their motion, plaintiffs request permission to file an amended complaint.  Although they have not attached a copy of their proposed amended complaint, they claim that the new complaint would contain the same counts and allegations against the same defendants, but that

---

[1]  It is not clear from their filing whether they had yet received the final order of dismissal, although it appears they had not, since they do not refer to it.

the complaint will be "more specific to each defendant." (*Id.* at 2.) They also claim that defendants will not suffer any prejudice because "[t]he facts . . . in the amended complaint are well known by the defendants" and the complaint "does not involve the addition of any new defendants." (*Id.* at 1–2.) For the reasons set forth herein, the court will deny plaintiffs' motion to amend.

## II.  DISCUSSION

A. **Motion to Amend**

As applied to the circumstances here, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Leave should be freely given, however, "when justice so requires."  *Id.*  Leave to amend should be denied only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999).  An amendment is futile if it is "clearly insufficient or frivolous on its face."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510–11 (4th Cir. 1986).

As an initial matter, the court disagrees with plaintiffs' statements that the defendants here would not be prejudiced by any amendment.  "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).  "And while delay alone "is an insufficient reason to deny a motion to amend, the further the case [has] progressed . . ., the more likely it is that the amendment will prejudice the defendant."  *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (internal quotation marks and citations omitted).  The timing is also critical as to the issue of bad faith.  *See Laber*, 438 F.3d at 427.

2

This case has already been dismissed and closed. The granting of a motion for leave to amend a pleading at this late stage would be unusual, to say the least. This is particularly true where the motions to dismiss by defendants were pending for months and plaintiffs did not attempt to amend their complaint during that time. Given that the case is closed, the court concludes that defendants would indeed by prejudiced by allowing amendment here. This alone would be a basis to deny leave to amend.

The court also concludes that amendment would be futile, for all the reasons set forth in the court's prior memorandum opinion. *See Johnson*, 785 F.2d at 510–11 (explaining that if an amendment would be "clearly insufficient on its face," it is futile). Plaintiffs assert that they will make the complaint "more specific to each defendant."[2] Although the court's reasons for dismissing some of the claims included that the complaint did not specify which defendant took which actions, (*see* Dkt. No. 46 at 16–17, 20–21), there were various other reasons that the plaintiffs' claims were subject to dismissal, as well. Allowing plaintiffs to reassert the same claims would therefore be futile.

For these reasons, the court concludes that the interests of justice do not require allowing amendment, and the court will deny the motion to amend.

**B.     Motion to Alter or Amend a Judgment**

Because the plaintiffs are proceeding pro se, the court also considers that their motion to amend could be treated as a motion pursuant to Rule 59(e), which allows a court to alter or amend a judgment upon a motion filed no later than 28 days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).    For the same reasons that a motion to amend would be futile, the court

---

[2] Because the court does not have a copy of the proposed amended complaint, it cannot verify the plaintiffs' assertion.

3

does not believe that plaintiffs' motion raises any valid ground for altering or amending the court's prior memorandum opinion or order.

Thus, to the extent the motion could be construed as a motion under Rule 59(e), it will likewise be denied.

### III.  CONCLUSION

For the foregoing reasons, the court will deny plaintiffs' motion for leave to file an amended complaint.  To the extent the motion could be construed as a motion to alter or amend the court's prior order of dismissal, the court will also deny it.  Plaintiffs are advised that any appeal in this matter will be governed by the deadlines set forth in Federal Rule of Appellate Procedure 4(a).  A separate order will be entered.

Entered: May 16, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge